**Morton N. GOLDBERG, Appellant,**

**v.**

**Mary Margaret GOLDBERG, Appellee.**

**No. 16648.**

Court of Civil Appeals of Texas.

Fort Worth.

June 4, 1965.

Brantley Pringle, Fort Worth, for appellant.

Tilley, Hyder & Law, Thos. H. Law and Robert M. Randolph, Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff Mary Margaret Goldberg sued defendant Morton N. Goldberg for divorce. Defendant filed his cross-action for like relief against plaintiff. Following a trial before the court without a jury judgment was rendered for plaintiff. The defendant appealed. Plaintiff filed a cross-appeal.

Judgment affirmed.

Defendant's complaint is that there was error in the judgment in respect to attorney's fees adjudged against him, and in the amount awarded. Further, his complaint is of the trial court's award to plaintiff of: a one-half interest in a promissory note received on sale of what he claims was his separate interest in certain property, an amount in dollars representing one-half the cash surrender value of his life insurance policies, and an amount in dollars representing one-half the value of his clinic assets.

It is obvious from the language of the judgment that except for the attorney's fees, the court intended to make a "split down the middle" of the community property and/or the value thereof, awarding one-half to each party. The court intended to give each party what was his or her separate property. In any event, the court was acquainted with the property with which it dealt, whether its character constituted community or separate property. Additionally, the court intended that the defendant pay all the reasonable and necessary attorney's fees of plaintiff, found in the amount of $7,500.00. Judgment for the attorney's fees amount was awarded directly to the "law firm of Tilley, Hyder & Law."

Relative to the property award, predicate for defendant's complaint lies in his con-

tention that such was his personal property. No part of the property was real estate. Art. 4638, Vernon's Ann.Tex.Civ.St., "Division of property", provides that upon pronouncing a decree of divorce a court shall also order a division of the estate of the parties in such a way as the court shall deem just and right, etc. In Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21 (1923), it was stated: "For the purpose of doing equity, the court may award all the personal property to either spouse, * * *." See commentary by Professor William O. Huie, on Texas' Community Property Law, in Vol. 13, V.A.T.S., § 12, "Division on Divorce", beginning at p. 45. See also Ex parte Scott, 133 Tex. 1, 123 S.W.2d 306, 313 (1939); Grant v. Grant, 351 S.W.2d 897 (Waco Civ.App., 1961, writ dism.).

■ The fact that the property might constitute separate property of the defendant (a matter in dispute) is of no consequence. Under the law the court, in the exercise of equity powers pursuant to Art. 4638, is authorized to take the separate property of one party and award it to the other in a decree made pursuant to divorce. Such an award will not be disturbed unless there is a clear abuse of discretion. Mozisek v. Mozisek, 365 S.W.2d 669 (Fort Worth Civ.App., 1963, writ dism.).

■ ■ The defendant does not premise his contention of error upon any abuse of discretion as such is usually considered. Indeed the record fails to substantiate any abuse. He does, however, contend that the award to the wife in effect granted permanent alimony. We believe the contention is spurious and hold that it has no merit. Plaintiff was awarded nothing in the nature of property necessarily deliverable by defendant as property he will or might acquire subsequent to the divorce. The award, as of property, is a portion of such existent at time the divorce was granted. In no sense did the award include alimony to accrue subsequently.

■ We hold against the defendant's contention on the matter of attorney's fees. Evidence thereon introduced before the court, without objection from the defendant, adequately supports the amount awarded. Such was awarded direct to the law firm of Tilley, Hyder and Law, and in this respect the judgment was unusual, but under the circumstances of the case would not amount to reversible error. The record clearly reflects that the law firm represented the plaintiff from the beginning and that no other attorney participated in her behalf. Two members of the firm, Thomas H. Law and Robert M. Randolph, submitted themselves to the jurisdiction of the court as parties in the case during the pendency of the litigation. Occasion therefor was in connection with their request for injunctive relief against the defendant and another.

Plaintiff's petition alleged that she had employed said firm as attorneys to represent her in the divorce proceeding and had contracted to pay them a reasonable fee therefor, that such services were necessary, and that she had no separate property or income with which to pay the fee. The prayer of the petition omitted reference to an attorney's fee, but contained a prayer for general relief. In that part of the judgment of the court antecedent to the portion containing the order and decree the following language appears: "The law firm of Tilley, Hyder & Law, attorneys for Plaintiff, should be awarded attorneys' fees in the amount of $7,500.00, * * * paid by Defendant." Subsequent thereto the judgment provided: "It is further ORDERED, ADJUDGED and DECREED that the law firm of Tilley, Hyder & Law have and recover from Defendant the sum of $7,500.-00 as reasonable attorneys' fees for their services herein."

As between plaintiff and defendant, at least, the issue upon the matter of attorney's fees was before the court as tried without objection and with the consent of the par-

ties. Texas Rules of Civil Procedure, Rule 67, "Amendments to Conform to Issues Tried Without Objection". Under this theory the right of the plaintiff to attorney's fees was established in the evidence and the defendant's liability therefor in the reasonable amount found by the court was likewise established. Considered as error the entry of judgment decreeing that defendant should pay the attorney's fees direct to plaintiff's attorneys, rather than to plaintiff, would be an error of which the plaintiff, not the defendant, might have cause for complaint. She does not complain. Had there existed any dispute between plaintiff and her attorneys relative to which should have the right to receive judgment for attorney's fees, the matter could be remanded to the trial court to render a proper judgment in such respect. In such hypothetical dispute the defendant would have no interest, for with the amount of his liability established under circumstances obviating any further exposure to either of said parties' claim against him, based upon the same liability, he could suffer no prejudice. Gulf, C. & S. F. Ry. Co. v. Cooper, 33 Tex.Civ.App. 319, 77 S.W. 263 (CCA of Texas, 1903, no writ hist.).

But there is no such dispute. Plaintiff is entirely satisfied that Tilley, Hyder & Law have the judgment for attorney's fees which might have been a part of her own judgment. We believe this presents a condition no different in aspect from that which would have been existent had she received the judgment and executed to the firm a direct transfer of her interest therein to the extent of the amount of attorney's fees. Anyway, both plaintiff and the law firm are effectively estopped by the judgment from seeking to impose further liability against defendant. Akin v. Akin, 276 S.W.2d 323 (Austin Civ.App., 1955, writ dism.); 20 Tex.Jur.2d 624, "Divorce and Separation," § 300, "Recovery in divorce suit".

We also hold that in this case the award of attorney's fees (by and through plaintiff, under her pleadings, though rendered directly in behalf of Tilley, Hyder & Law) was supported by the prayer for general relief in plaintiff's pleadings. "Except in special situations * * * in § 6.25, the general prayer will authorize a judgment for any relief within the court's jurisdiction, provided such relief is justified by the proof admitted under the allegations of the complaint and is consistent with a theory of the claim reflected in the petition." 2 McDonald, Texas Civil Practice, p. 605, "Pleading: Petition", § 6.26, "—B. General Prayer". The special situations to which McDonald referred are without application.

The first three of plaintiff's cross-assignments of error relate to contentions that the trial court erred in the division of the parties' property. We have already stated that any error in the court's conclusions upon the matter of whether the property so awarded was separate or community in character would be immaterial, and that the awards would not be disturbed in the absence of an abuse of discretion. The same thing has full application to the contentions plaintiff has advanced. We perceive no abuse of discretion in the award and apportionment of property. The cross-points of appeal are overruled.

By plaintiff's final cross-assignment complaint is made that she received what was basicly a money judgment only, and that the trial court erred in failing to set aside to her a direct interest in the assets of the parties or imposing an express lien upon the property awarded to the defendant for the security of her money judgment.

In 20 Tex.Jur.2d 561, "Divorce and Separation", § 225, "(Partition of Property) In general", it is said, "Where an equal division of property is called for, if the commissioners on partition find that it is impracticable to allot shares of exact equal value, such inequality may be corrected by charging the share of greater value with

a lien in favor of the share of less value, in an amount sufficient to equalize the values, which constitutes an encumbrance in the nature of a vendor's lien against the share of greater value, but which is not considered a personal obligation." The same principle might be said to apply in the instant case, without regard to whether the partition was intended to be equal. The court would have no doubt been entitled to charge the property awarded to the defendant with a lien which would have provided a form of insurance against any action by the defendant to defeat that part of the plaintiff's judgment which amounted to no more than an unsecured judgment *in personam*.

In 44 Tex.Jur.2d 274, "Partition", § 30, "Accounting; Adjustment of equities", it is stated that pursuant to judicial partition the trial court has authority to adjust and enforce between cotenants every conceivable equity relating to the parties and the property. At p. 279, § 33, "Owelty", it is stated that property may be divided into shares of unequal value, and the inequality corrected by means of a charge or lien on the more valuable parts in favor of the less valuable ones, with the sum that is thus awarded in order to adjust an inequality in the value of shares referred to as owelty. See Sayers v. Pyland, 139 Tex. 57, 161 S. W.2d 769, 140 A.L.R. 1164 (1942), wherein Chief Justice Alexander stated that the "power to award owelty" has always been regarded as necessary to the act of partitioning property, and that the owelty lien or charge, as applied to partitioned land, may be implied in the absence of express agreement.

Had the trial court chosen to set aside to plaintiff a direct interest in the assets of herself and the defendant, as in the form of a lien upon the property of the defendant for the security of what amounted to her judgment *in personam,* it is not to be doubted that action effecting that result would have been proper. The question here, however, is whether the court erred when it failed to do this when it partitioned the property under Art. 4638.

■ Action in partition is equitable in nature although taken pursuant to authority and direction of statute. Propriety of such action is measured by the test of whether it amounted to an abuse of discretion. Necessarily, plaintiff has found herself obliged to contend that in its failure and refusal to afford her such additional security the court abused its discretion. She has been unable to cite any authority to substantiate her contention. She has devoted the argument in her brief to an explanation of how the "homestead exemptions" might operate to defeat her; how the law relative to exemptions applicable to levy on cash surrender values of life insurance policies might defeat any satisfaction of her judgment when the beneficiaries therein named are members of the insured's family; how the exemptions applicable to tools of a trade or profession would be available to prevent her levy on the equipment in the defendant's clinic; and, pointing out that her community interest in the accounts receivable of defendant's medical practice is in thousands of small accounts, impractical for garnishment action, she demonstrates that the peculiarities of the situation might militate against her ultimate recovery of the full interest in the property which the court intended that she receive.

We must assume that the trial court considered such possibilities when it rendered judgment. Having given consideration thereto the court elected to make equitable partition of the property by the manner adopted. We cannot say that the court abused its discretion. The cross-assignment of error is overruled.

Judgment is affirmed.