**Weaver W. WISDOM, Appellant,**

v.

**Marchitta B. WISDOM, Appellee.**

**No. 18095.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 14, 1978.

Rehearing Denied Jan. 11, 1979.

L. A. Nelson, Denton, for appellant.

Coleman, Philips, White & Davidge and Miller Davidge, Denton, for appellee.

## OPINION

MASSEY, Chief Justice.

Divorce of the parties to the appeal was granted. The husband appealed from the property division. Errors advanced by his points were: (1) abuse of discretion in property division; (2) finding community estate entitled to reimbursement from husband's separate estate the amount of $54,000.00; and (3) the grant to the wife of a money judgment of $35,000.00 against husband under circumstances by reason of which its enforcement will divest husband of separate realty owned prior to his marriage.

We affirm.

Points (1) and (2) are readily disposed by memorandum.

■ Upon the first of these, comment might be that the court was at liberty to treat the wife's addiction to alcohol as an illness/weakness and as a circumstance demonstrating a comparably greater financial need to follow divorce; and that the wife's want of marketable skills due to departure for most of the period of coverture demonstrated a greater need for an increased share in property division upon divorce. Therefore, the trial court had justification for granting the wife a larger share, in proportion, of the divisible property.

■ Upon the second of these, we find that the evidence justified the conclusion that during the parties' marriage the principal indebtedness of the husband, consisting of·a lien upon his personal real estate, was benefited by reduction through application of funds from the community income in reasonable amount of $54,000.00, with corresponding reduction in the amount of the lien. Therefore that amount of contribution was properly treated as community and as a credit in arriving at the value of the parties' community estate.

Point (3) presents a greater difficulty. By the evidence is shown that if and in the event, upon finality of the judgment, the wife should immediately seek levy of execution in satisfaction it necessarily would be upon the separate estate, in part at least upon the separate realty, of the husband as then existent. The husband contends that under the circumstances, the apportionment otherwise made upon the divorce creating the condition, there would be unlawful and unconstitutional invasion of his personal estate in his separate realty. Husband says that the court, having no authority to award any part of such separate realty as a part of property division in the judgment, would nevertheless accomplish that improper objective through the devise of granting the personal judgment. Husband's theory is that the court should not be permitted to do indirectly that which could not be done directly, to-wit: to invade the separate estate and award it as a property division pursuant to divorce. He cites *Ramirez v. Ramirez*, 524 S.W.2d 767 (Tex.Civ.App.— Corpus Christi 1975, no writ history), and *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977).

■ We reject the husband's contention. The question is upon the authority of the trial court. We find nothing in the law pursuant to the division of property upon divorce which constitutes an impediment to

the grant of a personal judgment of one of the parties against the other where by the apportionment of the existing property possible to be divided one of the parties should pay the other a sum in money to accomplish the division deemed equitable under all the circumstances. In such a case a personal judgment, judgment *in personam*, is entirely proper. In the entry of such a judgment the court is not necessarily concerned with the question of whether the party against whom it is rendered does or does not have property subject to execution at the time which would be sufficient to satisfy it. From a legal standpoint when a court renders judgment *in personam* it is not concerned with the question of whether there will be a satisfaction upon the levy of a writ of execution.

A judgment *in personam*, though it be rendered as part of a divorce decree which apportions property (or property rights) does not change the separate property of the defendant in judgment into separate property of the plaintiff in judgment. To change ownership of the property is prohibited by the law and would be error. However, rendition of a personal judgment is not likewise prohibited.

In this case all the separate property of the husband owned at time the parties married continued to be his separate property after the divorce; along with such of that which had been community antecedent to divorce but was converted into his separate property by the divorce decree. We confine consideration to that which had been the husband's separate property at time of the marriage. That property, unless it is exempt, as in the case of homestead property, etc., at all times stood and existed as property upon which there might be a levy of execution in the event there be a personal judgment against the owner. In this case no lien of any kind was fixed upon that property by the provisions of the divorce decree, and no lien became imposed by entry of the judgment. It would be upon the abstract of the judgment upon the records of the county clerk, with the same property indexed, that it would become property

upon which there was a judgment lien. (Of course, the property could come into the constructive possession of the sheriff pursuant to levy of execution.)

The trial court's consideration of $54,-000.00 as the wife's part of the "community contribution" to the husband's separate estate with credit consideration accorded in the property division was not error. Neither was there any error in the grant to the wife of the judgment *in personam* for $35,-000.00. Further, the property division, including rendition of the *in personam* judgment, was not error as charged; i. e., the division was not so manifestly wrong, unjust, unfair and inequitable to the husband as to constitute an abuse of the discretion vested in the trial court.

Judgment is affirmed.