Constance Elaine HANSON, Appellant,

v.

Frederick W. HANSON, Appellee.

No. A14–83–571CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 3, 1984.

Rehearing Denied May 31, 1984.

John H. Holloway, Houston, for appellant.

John C. Pavlas, Taylor, Hays, Price, McConn & Pickering, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Appellant appeals from the judgment entered in a divorce action after a non-jury trial. In her points of error she complains 1) that the trial court's partition of the community property was so unfair as to constitute an abuse of discretion; 2) that the trial court abused its discretion in awarding a majority of the community property to appellee and in awarding appellant a money judgment with specific terms of payment to compensate her for the difference; 3) that the trial court abused its discretion in failing to provide appellant with adequate security for payment of the money judgment. We hold that the trial court erred by failing to provide adequate security for the payment of the judgment. We affirm in part and reverse and remand in part.

The trial judge did not make any findings of fact and conclusions of law, so we must affirm the judgment if it can be supported on any theory presented by the record, and we must view the evidence in the light most favorable to the judgment.

*Thomas v. Thomas*, 525 S.W.2d 200 (Tex. Civ.App.—Dallas, 1975, no writ); *Peterson Sales Co. v. Mica, Inc.*, 623 S.W.2d 679 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). Therefore, in reviewing the division of the parties' community estate we accept

## COURT'S DIVISION

### WIFE, Appellant

**ASSETS**

| | | |
|---|---|---|
| 1. | 1978 Mercedes | $ 18,000.00 |
| 2. | 1978 Ford Van | 2,800.00 |
| 3. | Cash | 200.00 |
| 4. | Pandemonium Productions | –0– |
| 5. | Connie Hanson, Ltd. | –0– |
| 6. | Household Furniture | 17,691.00 |
| | TOTAL | $ 38,691.00 |

**DEBTS**

| | | |
|---|---|---|
| 1. | Car loan | $ 15,000.00 |
| 2. | Hahne Debt | 14,937.00 |
| 3. | Atty. Fees—Haynes & Fullenweider | 19,526.00 |
| 4. | Atty. Fees—Soffar | 1,241.00 |
| 5. | Accting. Fees— Carroll N. Thompson | 4,400.00 |

| | | |
|---|---|---|
| TOTAL: | | $ 55,104.00 |
| | TOTAL NET | [16,413.00] |
| | Money Judgment | + 185,000.00 |
| NET AWARD: | | $ 168,587.00 |

### HUSBAND, Appellee

**ASSETS**

| | | |
|---|---|---|
| 1. | Cash | $1,800.00 |
| 2. | House in Katy | 220,000.00 |
| 3. | Memorial Townhouse | 94,400.00 |
| 4. | Corpus Christi Condo | 72,950.00 |
| 5. | Accts. Rec.– Employees | 4,000.00 |
| 6. | Dr. Hanson, P.A. | 216,400.00 |
| 7. | Retirement Plan | 91,540.00 |
| 8. | Keogh Plan | 14,000.00 |
| 9. | 21 ft. Cabin Cruiser | 4,500.00 |
| 10. | 1979 Cadillac Seville | 7,500.00 |
| 11. | Motorcycle | 1,000.00 |
| 12. | Household Furniture | 5,000.00 |
| | TOTAL | $ 733,090.00 |

**DEBTS**

| | | |
|---|---|---|
| 1. | Atty. Fee— Taylor, Hays, Price, McConn & Pickering | $ 3,500.00 |
| 2. | FIT Liability | 88,000.00 |
| 3. | Accts. Payable | 7,821.00 |
| 4. | Residence Mortgage | 159,000.00 |
| 5. | Townhouse Mortgages | 86,000.00 |
| 6. | Corpus Christi Mortgages | 64,930.00 |

| | | |
|---|---|---|
| TOTAL: | | $ 409,251.00 |
| | TOTAL NET | $ 323,839.00 |
| | Money Judgment | – 185,000.00 |
| NET AWARD: | | $ 138,839.00 |

WIFE = 54% of Net Estate
HUSBAND = 46% of Net Estate

as true appellee's evidence as to the values of the community assets and the amounts of community liabilities.

The chart below represents the trial court's partition of the community assets and liabilities.

The cash judgment awarded to appellant was ordered to be paid as follows: 1) $40,000 paid on or before June 1, 1983 and 2) $2000 per month beginning with the first payment on July 1, 1983 and continuing every month thereafter until the $185,000 judgment is completely paid based upon a 9% annual interest rate on the unpaid balance. Appellee is not obligated to completely pay the judgment before July 1, 1989. The court did not grant appellant any lien or security for the judgment.

The appellant essentially contends in her first, fourth, and fifth points of error that the trial court's division of the community property and liabilities was so unjust and unfair as to constitute abuse of discretion requiring reversal. Article 3.63 of Vernon's Texas Family Code, V.T.C.A. provides:

In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems fair and right, having due regard for the rights of each party and any children of the marriage.

■ The court's duty is to make equitable division of the estate, considering the conditions and needs of the parties and all the surrounding circumstances. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). The trial court's discretion in dividing the estate of the parties should be corrected on appeal only where an abuse of discretion is shown in that the disposition of the estate is manifestly unfair and unjust. *Hedtke v. Hedtke*, 112 Tex. 404, 248 S.W. 21 (1923); *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981).

Appellant contends that the trial court did not properly consider and evaluate 1) the benefit which appellant, as the spouse not at fault, would have derived from the estate of appellee through a continuance of the marriage and 2) the disparity of earning power, business opportunities, and capabilities between the parties in its division of the community estate.

■ The Supreme Court has held in *Young v. Young*, 609 S.W.2d 758, 762 (Tex. 1980), that a trial court may consider fault in the division of the property, but it is not required to consider fault in all cases where a divorce is granted on fault grounds. In this case there is conflicting evidence concerning the issue of fault. Even if the trial court did not consider fault at all, this would not constitute an abuse of discretion requiring reversal.

Appellee is a licensed obstetrician/gynecologist and has a future earning capacity of about $200,000 per year while appellant's earning capacity is about $12,000 per year. Appellant received about 54% of the net community estate. The net value of the estate received by appellant including the cash judgment is about $168,000. She was awarded $2000 per month as support for the two children placed in her custody.

■ Apart from extraneous considerations a trial court fulfills its duty to divide the estate equitably if it awards each party half of the community estate. A trial court has discretion to award one party more than half the estate because of a large disparity in the earning capacities of the parties. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex.1981). However, we cannot say that a large disparity in earning capacities requires the trial court to award substantially more than half of the estate to the spouse with the lesser earning capacity. This is especially true in the circumstances of this cause where appellant has received property of substantial value, reasonable child support and there is no showing that appellant had financial needs in excess of the property awarded to her. Although the disparity in earning capacities between the parties may have justified awarding appellant a larger portion of the estate, we hold that the trial court's approximately

equal division of the estate was not manifestly unfair and fell within the bounds of its discretion.

■ Appellant complains that the trial court's division was inequitable because the trial court failed to consider $8000 of attorney's fees expended by appellee. She asserts that these fees were paid with community funds and that it was error for the trial court to not have awarded her reimbursement for her share of these funds. Because there are no findings of fact, we cannot determine whether the trial court considered these matters in its division of the estate; therefore appellant has waived this complaint.

Appellant's points of error one, four and five are overruled.

Appellant contends in her second point of error that trial court abused its discretion in awarding the majority of the community property to appellee and in compensating for the difference by awarding appellant a money judgment. Appellant asserts that a trial court should partition property in kind to achieve an equitable division of the estate and that an award of a money judgment should only be used in lieu of partition to avoid fractionalizing items of the estate. *Murff v. Murff*, 601 S.W.2d 116, 121 (Tex.Civ.App.—Dallas 1980, rev'd on other grounds, 615 S.W.2d 696 (Tex.1981). Appellant cites *Musick v. Musick*, 590 S.W.2d 582 (Tex.Civ.App.—Tyler 1979, no writ); for the proposition that an award of a money judgment absent special circumstances constitutes an abuse of discretion. The court held that the trial court abused its discretion in awarding a wife a judgment for $13,000 payable in five years while awarding to the husband all the productive assets. The assets awarded to the husband were income producing property including a farm and some livestock.

■ We agree with the principle that if an estate can be divided equitably by partitioning the assets in kind, this method should be used instead of a money judgment. However, there are circumstances which justify the use of a money judgment

to balance out the disproportionate award of assets.

"... the court may be justified in dividing property in manner other than "in kind" when due consideration is given to such matters as the nature and type of particular property involved and the relative conditions, circumstances capabilities and experience of the parties."

*In Re Marriage of Jackson*, 506 S.W.2d 261, 266 (Tex.Civ.App.—Amarillo 1974, writ dism'd).

■ The nature and type of property in the estate justifies the trial court's award of a money judgment in this case. One of the principal assets of the estate is appellee's professional medical corporation valued at $216,400. It was permissible for the trial court to recognize that the assets of appellee's medical practice were of no particular benefit to appellant and of much greater value under the control of appellee. *Goren v. Goren*, 531 S.W.2d 897, 900 (Tex. Civ.App.—Houston [1st Dist.] 1975, writ dism'd). It would have been impractical for the trial court to have granted appellant an interest in appellant's Retirement Plan or Keogh Plan. To do so would have imposed a serious hardship on appellee had he been forced to liquidate his retirement plans. The real estate awarded to appellee was heavily mortgaged. The trial court could recognize that appellant did not have the income to service the debt on this real estate. There were valid reasons for awarding the husband the majority of the assets.

This cause is distinguishable from *Musick v. Musick*, 590 S.W.2d 582 (Tex.Civ. App.—Tyler 1979, no writ) in that the assets awarded to appellee were not income producing with the exception of the professional corporation. Thus, there is no inequity present in the trial court's division as there was in *Musick* in which one party was awarded all the income producing assets.

We hold that nature of the assets and the circumstances of the parties in this cause provided adequate justification for the trial court to utilize a money judgment

to achieve an equitable division of the estate assets. As we find no abuse of discretion by the trial court, in using a money judgment, we overrule appellant's second point of error.

Appellant contends in her third point of error that the trial court abused its discretion by its failure to provide adequate security for payment of the money judgment awarded to her. As stated earlier, appellee is not obligated to make full payment of the judgment before July 1, 1989. We recognize that a trial court's failure to provide security for a cash judgment awarded in division of a community estate does not necessarily constitute an abuse of discretion. *Goldberg v. Goldberg*, 392 S.W.2d 168, 172 (Tex.Civ.App.—Fort Worth 1965, no writ); *Wisdom v. Wisdom*, 575 S.W.2d 124, 126 (Tex.Civ.App.—Fort Worth 1978, writ dism'd). However, in the circumstances of this case, the trial court's failure to provide appellant with reasonable security was both unrealistic and inequitable.

First, we cannot perceive any justification for the trial court's failure to provide adequate security. Appellee was awarded real estate with substantial value which the trial court could have used to secure the judgment. Second, there was evidence which indicated that appellant had reason to be insecure. Appellant testified that appellee had a serious drinking problem. Appellee testified that he is very nearsighted, with a risk of retinal detachment and blindness. He further testified that his income could decrease due to the demanding nature of his practice.

It is our opinion that a trial court should provide security for money judgments which are granted to achieve an equitable division of a community estate, unless there is some compelling reason to do otherwise. See *Murff v. Murff*, 601 S.W.2d 116, 121 (Tex.Civ.App.—Dallas 1980, rev'd on other grounds, 615 S.W.2d 696 (Tex.1981). In this way the party granted the money judgment will be protected from uncertainties such as bankruptcy, concealment, and waste of assets, which could work to deprive the party of his share of the community estate. We are aware of *Goldberg v. Goldberg*, 392 S.W.2d 168 (Tex.Civ.App.—Fort Worth 1965, no writ), in which the court assumed that trial court considered the possibilities that a party might have difficulty in collecting on an unsecured money judgment and held that failure to secure the judgment was not an abuse of discretion. However, we hold in the circumstances of this case that the trial court's failure to secure the judgment was an abuse of discretion.

We also can see no justification for the trial court's decision to prolong payment of the judgment for more than six years. Appellee, with annual income of about $200,000 and substantial real estate, is certainly capable of paying the judgment within a lesser period than six years. A trial court should set the term for payment of the cash judgment for as short a period as possible without imposing a serious hardship on the party responsible to pay the judgment. Application of this standard will minimize two disadvantages of judgments with pay back terms. First, while a party's judgment is outstanding the party is deprived of the right of control and disposition of his full share of the estate. Second, when a trial court sets an unduly long term for payment, with an award of interest at a fixed rate, the party granted the judgment will usually end up being under or over compensated for the delay in payment due to the fluctuation of interest rates.

We hold that the trial court abused its discretion in failing to provide security for the judgment and in setting an unduly long term for payment. Appellant's third point of error is sustained.

We reverse only the portion of the trial court's judgment which divides the community estate of the parties and remand for proceedings consistent with this opinion. The remainder of the judgment is affirmed.