In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00028-CV
______________________________


 
IN THE MATTER OF THE MARRIAGE OF
STEPHANY JOY ADAMS AND NICK WADE ADAMS
AND IN THE INTEREST OF CHRISTIN JOY ADAMS, A CHILD
 


                                              

On Appeal from the 6th Judicial District Court
Red River County, Texas
Trial Court No. 002CV00058


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Factual and Procedural History
            Stephany Joy Adams and Nick Wade Adams were married on October 19, 1982. In 2002,
the couple separated. On March 6, 2002, Stephany filed for divorce in the 6th Judicial District Court
of Red River County. At trial, the couple testified as to the value of most of the property in the
marital estate. During the testimony, each expressed his and her willingness to sell certain property,
most notably the asphalt millings and the ten-acre tract of land in Lamar County, and split the
proceeds of the sale. On June 24, 2002, the trial court entered a final decree of divorce in which it
divided the marital estate, awarded custody of the couple's child to Nick, and ordered Stephany to
pay $250.00 per month in child support until their daughter reaches the age of eighteen.


 
            A general summary of the manner in which the trial court divided the property is as follows:
Valuation of Property Awarded to Stephany:
Rental house w/ 4 acres


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,000.00
10-acre tract in Detroit, Texas


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,000.00
Asphalt millings


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7,956.00
Farm equipment (less one 4x4)


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17,227.00
Personal property (less items already listed as farm equipment)


. . . . . . . . . . . . . . . . . . . . 8,177.00
Guns as listed in decree


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,735.00
Personal property


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,227.00
Judgment


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6,000.00
Total                                                                                                                                  56,322.00

Valuation of Property Awarded to Nick:

Tx DOT retirement account. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .46,309.56
Investment account. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,000.00
1999 Ford F150


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..0.00
Guns not awarded to wife


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .800.00
Personal property


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6,750.00
Suzuki 4x4


. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2,192.00
Bank accounts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,000.00
Subtotal                                                                                                                              59,051.56
Less judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . (6,000.00)
Total                                                                                                                                53,051.56



            Recognizing that the division was unequal, the trial court awarded Stephany a judgment in
the amount of $6,000.00.


 This amount was to be credited against Stephany's child support
obligation at the rate of $250.00 per month, meaning that Nick would not have to pay the judgment
and that Stephany would be relieved of her support obligation. Based on the values found by the trial
court from the evidence presented, the property granted to Stephany had a greater value than that
granted to Nick. On January 27, 2003, the trial court entered findings of fact and conclusions of law. 
Almost one year later, on January 12, 2004, the trial court modified the order, granting Stephany
primary custody of their daughter and ordering Nick to pay $641.40 per month as child support.



Standard of Review and Applicable Law
            In a divorce decree, the trial court shall order a division of the parties' estate in a manner that
the court "deems just and right." Tex. Fam. Code Ann. § 7.001 (Vernon 1998). Although the trial
court does not have to divide the community property equally, its division must be equitable. 
O'Carolan v. Hopper, 71 S.W.3d 529, 532 (Tex. App.—Austin 2002, no pet.). 
            The trial court exercises broad discretion in the division of marital property, and we will not
disturb that division on appeal absent a showing of an abuse of discretion. Id.; Robles v. Robles,
965 S.W.2d 605, 613 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). We are required to
indulge every reasonable presumption in favor of the trial court's proper exercise of its discretion. 
In re Marriage of Moore, 890 S.W.2d 821, 839 (Tex. App.—Amarillo 1994, no writ).
            Our analysis focuses on a two-pronged inquiry: (1) did the trial court have sufficient
information on which to exercise its discretion? and (2) did the trial court abuse its discretion by
causing the property division or child support order to be manifestly unjust or unfair? Evans v.
Evans, 14 S.W.3d 343, 345–46 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Legal and factual
sufficiency are not independent grounds of error, but relevant factors in assessing whether the trial
court abused its discretion. Doyle v. Doyle, 955 S.W.2d 478, 479 (Tex. App.—Austin 1997, no pet.).
A trial court abuses its discretion when it rules without supporting evidence. Evans, 14 S.W.3d at
345–46.
            Stephany appeals the trial court's division of property, bringing forth one point of error,
contending the trial court abused its discretion in awarding the entire amount of Nick's retirement
benefits to him. However, within this point of error, she also argues the trial court abused its
discretion in dividing the property without evidence of the value of the property. 
Analysis
A. Retirement benefits
            The trial court's division of the marital property in which it awarded the entire amount of
Nick's retirement benefits to him was not manifestly unfair. Each specific item of marital property
need not be divided in kind. Hanson v. Hanson, 672 S.W.2d 274, 278 (Tex. App.—Houston [14th
Dist.] 1984, writ dism'd). We review the totality of the division to determine whether the resulting
division was manifestly unfair. Id. As indicated by the previous listing of property as divided by
the trial court, the total division remains equitable. Stephany is not entitled to insist that each item
of property be divided. The trial court did not abuse its discretion when it divided the marital
property in a manner in which Nick received all of his retirement benefits and in which Stephany
received other substantial assets making the division an equitable one.
            Generally, if a marital estate can be divided equitably by partitioning the assets in kind, this
method should be used instead of a money judgment. Id. However, there are circumstances which
justify the use of a money judgment to balance the disproportionate award of assets. Id. In Hanson,
the court noted that the nature and type of property in the estate may justify the trial court's award
of a money judgment in some cases. Id. Here, the trial court divided the community property in kind
and apparently utilized the money judgment to equalize the division. 
             Looking at the division of the estate in its totality, we see that the division of the property
was not manifestly unfair to Stephany despite the fact the trial court did not award her a portion of
Nick's retirement benefits. 
B. Evidence supporting values used in division
            The trial court did not abuse its discretion in awarding the property because the values which
it used to effect a just and right division were supported by sufficient evidence in the form of exhibits
offered by Stephany and testimony of the parties. As previously stated, a division of marital property
based on values that were not in evidence is an abuse of discretion. Martin v. Martin, 797 S.W.2d
347, 351 (Tex. App.—Texarkana 1990, no writ); Mata v. Mata, 710 S.W.2d 756, 760 (Tex.
App.—Corpus Christi 1986, no writ). When an appellate court has a statement of facts before it and
the trial court's specific findings are challenged, the appellate court must examine the entire record
and sustain the findings if any probative evidence supports them. See Mata, 710 S.W.2d at 760.
            Stephany relies on this Court's opinion in Martin to support her contention that the trial court
abused its discretion in basing its division of property on values not entered into evidence. While
Martin does so hold, it is distinguishable from the instant case. In Martin, the trial court relied on
a report from a master of chancery to arrive at some of the values of the divided property. Martin,
797 S.W.2d at 351. The report was not admitted as evidence, and this Court could find only a
portion of the report referenced in the record. Id. So, there may have been a legitimate argument
that the trial court did arrive at values without a basis in evidence. See id. However, the court did
not reach that issue because appellant husband did not complain on appeal that the trial court relied
on values not in evidence. Id. Rather, he argued that, based on the master's report, the division of
the property was unequal. Id. Based on the difference in facts and the difference in the issues raised
by the appellants, only the general principles of law set forth in Martin are applicable here. 
            We conclude the trial court properly exercised its discretion by relying on evidence to arrive
at the values used in the division of the Adamses' marital property. As to the rental house in Lamar
County which the trial court awarded to Stephany, the trial court had testimony before it the house
was valued somewhere between $14,800.00 and $30,000.00. Nick testified the current value of the
house was approximately $18,000.00. The trial court's findings of fact assigned a value of
$18,000.00 to the house, a figure consistent with Nick's testimony and which falls within the range
of value represented by other evidence. This figure fell within the range of value as supported by
the testimony of the couple. The trial court relied on Nick's testimony regarding the $8,000.00 debt
owed on the property. 
            The value of the asphalt millings, as employed in the trial court's division, comes directly
from evidence Stephany offered to the trial court. The trial court used Stephany's calculations
exactly. Since there was clearly evidence of the value of the asphalt millings and especially since
the evidence was her own exhibit, her contention there was absolutely no evidence of the value of
the millings is meritless. The trial court arrived at the values of the personal property and guns also
by reference to exhibits Stephany prepared.
            Stephany specifically complains the trial court relied on the values as shown on Petitioner's
Exhibit 3 to arrive at its division. Exhibit 3 is a list of the depreciated value of items as used for tax
purposes. She argues that the purpose of admitting Exhibit 4 was to demonstrate that a Case tractor
was community property rather than the property of Nick's mother's estate. However, the record
reveals that no such limitation was assigned to the exhibit when it was admitted. Therefore, the trial
court did not abuse its discretion in relying on the exhibits for the values contained therein.
            The trial court did not abuse its discretion when it relied on a party's inventory to arrive at
the values in its division of marital property even when it was shown that the inventory was never
admitted into evidence. Vannerson v. Vannerson, 857 S.W.2d 659, 670 (Tex. App.—Houston [1st
Dist.] 1993, writ denied). Here, the exhibits offered by Stephany and on which the trial court clearly
relied were, in fact, admitted into evidence. The trial court did not abuse its discretion in relying on
evidence of which the proponent of that evidence now complains.
            Even as to one item for which we could conclude the trial court did not base its findings on
evidence in the record, Stephany did not meet her burden on appeal. The values of which Stephany
specifically complains were supported by her own exhibits and/or testimony from the parties. The
record does not speak, however, to the value of the 1999 Ford F150. It does reveal the debt owed
on the vehicle, approximately $14,000.00. The trial court offset the amount owed against the value
of the vehicle and arrived at a net value of zero dollars. The record does not show how the trial court
arrived at this figure. Even if the trial court erred in assigning a value to the truck without evidence,
Stephany did not sustain her burden of proving the value of the truck and then demonstrating how
the division was manifestly unfair according to the values she assigned to the property.
            Attempting to gain reversal by attacking the court's fact findings, as Stephany does, does not
necessarily result in victory even if we were to conclude the trial court's findings were inaccurate. 
See Forgason v. Forgason, 911 S.W.2d 893, 896 (Tex. App.—Amarillo 1995, writ denied); Preston
v. Preston, 453 S.W.2d 389, 391–92 (Tex. Civ. App.—El Paso 1970, no writ). The appellant must
not only present evidence establishing the true value of the property, but also prove that the ultimate
division, as reappraised, remained manifestly inequitable. Forgason, 911 S.W.2d at 896. In other
words, it is not enough to merely point out inaccuracies in the court's findings.


 Id. Stephany fails
to demonstrate how the trial court's division of property would remain manifestly unfair given the
values of the property she contends the trial court should have assigned.
Conclusion
            We overrule Stephany's point of error and affirm the judgment of the trial court. 
 


                                                                        Jack Carter
                                                                        Justice

Date Submitted:          February 5, 2004
Date Decided:             February 26, 2004