NUMBER 13-01-441-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
HERMAN LEE HANDLEY,                                                           Appellant,
v.
IRENE A. HANDLEY,                                                                     Appellee.



On appeal from the 377th District Court
of Victoria County, Texas.




 O P I N I O N

Before Chief Justice Valdez and Justices Rodriguez and Amidei



                              Opinion by Chief Justice Valdez
         Appellant, Herman Lee Handley, filed for divorce on September 10, 1999 alleging
that his marriage to appellee, Irene A. Handley, had become insupportable due to discord
or conflict of personalities that destroyed the legitimate ends of the marriage with no hope
of reconciliation. See Tex. Fam. Code Ann. § 6.001 (Vernon 1998). The trial court granted
the divorce on March 5, 2001 and divided the community property in favor of appellee. By
thirteen issues appellant claims the trial court abused its discretion when it divided the
property and that the evidence was factually insufficient to show appellant abused his wife. 
We affirm. 
I. Facts and Procedural History
           As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4. 
II. Discussion
A. Division of Property
          We review the trial court’s division of property in a divorce action for an abuse of
discretion. Butler v. Butler, 975 S.W.2d 765, 767 (Tex. App.–Corpus Christi 1998, no pet.). 
A trial court has wide discretion in making a just and right division. Zorilla v. Wahid, 83
S.W.3d 247, 252 (Tex. App.–Corpus Christi 2002, no pet.). Legal and factual sufficiency
are not independent grounds of error, but rather relevant factors in assessing whether the
trial court abused its discretion. Id. A trial court abuses its discretion when it divides
property on values that were not in evidence. Martin v. Martin, 797 S.W.2d 347, 351 (Tex.
App.–Texarkana 1990, no writ). Further, a trial court’s division of property that is manifestly
unjust is an abuse of discretion. O’Carolan v. Hopper, 71 S.W.3d 529, 532 (Tex.
App.–Austin 2002, no pet.). 
          The Texas Family Code requires the trial court in a divorce decree to divide “the
estate of the parties in a manner that the court deems just and right, having due regard for
the rights of each party and any children of the marriage.” Tex. Fam. Code Ann. § 7.001
(Vernon 1998). The trial court may consider various factors in making a just and right
division including: (1) spouses’ capacities and abilities; (2) benefits which the party not at
fault would have derived from the continuation of the marriage; (3) business opportunities;
(4) relative physical conditions; (5) relative financial conditions and obligations; (6) disparity
of ages; (7) size of separate estates; (8) the nature of the property; and (9) disparity of
earning capacity. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981); Zorilla, 83 S.W.3d at
252. The value of community assets is generally determined at the date of divorce. 
Grossnickle v. Grossnickle, 935 S.W.2d 830, 837 (Tex. App.–Texarkana 1996, writ
denied).
          In his first, second, fifth, and seventh issues, appellant complains that the trial court
failed to divide the marital estate in a just and right manner because he used values from
appellee’s inventory which were not admitted into evidence, erred in valuing the marital
home at $64,900 because it was not a value introduced into evidence, and valued the
property from the date of separation rather than the date of divorce. 
          The record on appeal shows that appellee submitted a sworn inventory and
appraisal with the trial court on December 1, 2000. This appraisal listed appellee’s opinion
of the value of the community property and her separate property. Although appellee’s 
inventory was never offered into evidence, she testified without objection to the values in
the inventory filed with the court. See Mata v. Mata, 710 S.W.2d 756, 758 (Tex.
App.–Corpus Christi 1986, no writ) (stating “an owner may testify to the value of his
property, both real and personal, if he declares he knows the market value”). Further, the
record shows appellee had personal knowledge of the values of the marital property
because she testified she was responsible for making mortgage, insurance, and other
payments for the benefit of marital estate. See Mata, 710 S.W.2d at 758.
          The record does not show the trial court abused its discretion in valuing the marital
home at $64,900. The $64,900 value the trial judge assigned to the home was based on
the closing statement for the home, which appellant offered into evidence. See
Grossnickle, 935 S.W.2d at 844 (stating no error where trier of fact reaches figure between
the values offered by the parties). Further, the record does not show the trial court valued
the marital property at the date of separation instead of the date of divorce. On August 30,
2000, about three months before trial, the marital home was appraised at $72,000 by John
W. Hall, a certified residential real estate appraiser. See Philips v. Philips, 75 S.W.3d 564,
574 (Tex. App.–Beaumont 2002, no pet.) (finding no abuse of discretion where trial court
used appraisal done eight months before trial). Moreover, appellee’s testimony at trial
included values of the marital property at the time of divorce. 
          The record does not show the trial court abused its discretion in its valuation of the
marital property. Appellant’s first, second, fifth, and seventh issues are overruled. 
          In his third and fourth issues, appellant claims the trial court abused its discretion
when it determined the mortgage on their home was worth $29,000 because the only
evidence at trial was appellant’s testimony that the mortgage was $25,000. 
          The record does not support appellant’s contentions. Appellant introduced into
evidence a closing statement on the 2503 Miori Lane home which listed the purchase price
of the home as $64,900 and noted the couple made a down payment of $33,524. The
mortgage on the home at the date of purchase was $31,376. Appellee testified the
$31,376 mortgage had been reduced since the date of purchase because she was making
monthly payments of $543 for the mortgage, insurance, and taxes on the 2503 Miori Lane
property. See Mata, 710 S.W.2d at 758. Also, appellant’s own inventory and
appraisement, which was introduced into evidence, lists the mortgage on the marital home
as $29,000. We conclude that the trial court had sufficient evidence from which to
determine the value of the mortgage of the 2503 Miori Lane property. 
          Appellant’s third and fourth issues are overruled. 
          In his sixth issue, appellant argues the trial court abused its discretion when it failed
to include an owelty lien


 on appellee’s marital homestead in the trial court’s original ruling
on December 29, 2000. Appellant claims this was harmful error because appellee filed for
bankruptcy following the trial. 
          Appellant relies on Hanson v. Hanson, 672 S.W.2d 274 (Tex. App.–Houston [14th
Dist.] 1984, writ dism’d w.o.j.) to show the trial court abused its discretion. In that case, the
couple owned $733,090 in assets which included real estate worth $387,350. Id. at 276. 
The trial court awarded the wife an unsecured $185,000 money judgment, which was to
be paid in monthly installments of $2,000 after the husband made an initial payment of
$40,000. Id. The court of appeals reversed, holding the judgment was unrealistic and
inequitable since the husband had valuable real estate from which to protect the wife’s
judgment and because the repayment term was unduly long. Id. at 279. However, the
court noted that its decision was fact-specific and that failure to provide a security interest
for a cash judgment is not necessarily an abuse of discretion. Id. 
          Here, the trial court heard testimony regarding appellant’s and appellee’s income. 
Appellee worked three jobs since the date of divorce while appellant was unemployed and
living on a fixed income. Accordingly, the trial court awarded appellee both the marital
home and the community liabilities and gave appellant a $4,250 money judgment to be
secured by the marital home. See Walker v. Walker, 527 S.W.2d 200, 203 (Tex. Civ.
App.–Fort Worth 1975, no writ) (stating nature of property and ability of parties to manage
property may be taken into consideration to prevent encumbered property from being lost
in foreclosure). 
          Unlike the unsecured $185,000 money judgment to be paid in minimal increments
in Hanson, appellant was only awarded a $4,250 money judgment, and there was no court
order prolonging appellee’s terms of repayment. Appellant does not establish, nor does
the record show, these payment terms are either unrealistic or inequitable. Further, the
mere fact that appellee went bankrupt does not mean that the trial court abused its
discretion in failing to include an owelty lien in favor of appellant. See Goldberg v.
Goldberg, 392 S.W.2d 168, 172 (Tex. App.–Fort Worth 1965, no writ) (holding failure to
include lien for money judgment is not abuse of discretion). We find the trial court did not
abuse its discretion in failing to include an owelty lien in the divorce decree. Appellant’s
sixth issue is overruled.
          In his eighth issue, appellant claims the trial court erred in finding the debt owed on
the 1994 Toyota to be $2,460.42 because this came from evidence not in the record.
However, appellee testified that this amount was for the balance on a $4,000 loan secured
by the Toyota used to pay off a tax liability owed by the couple. See Mata, 710 S.W.2d at
758. The trial court had sufficient evidence on which to base its award of $2,460.62. 
Appellant’s eighth issue is overruled. 
          In his ninth issue, appellant contends the trial court abused its discretion when it
valued the 1994 Ford truck at $8,325 because it was based on appellee’s inventory, which
was not in evidence. In appellant’s initial inventory filed with the court, he valued the 1992
Ford Pickup at $6,000. Appellee testified the purchase price of the truck was between
$17,000 to $19,000. The truck was later wrecked and appellant testified he received
approximately $7,100 from his insurance company for the totaled truck. He used the
insurance proceeds to purchase a 1994 Ford Ranger for $5,600 and spent the difference
for miscellaneous personal purposes. The trial court could have determined the value of
the 1994 Ford Ranger by taking into consideration appellant’s $5,600 testimony as to the
purchase price of the 1994 Ford Ranger, and the fact that appellant used the difference
of the insurance proceeds for personal purposes. Valuing the 1994 Ford Ranger at $8,325
could therefore be considered just and right. Appellant’s ninth issue is overruled. 
          In appellant’s tenth issue, he argues the trial court abused its discretion in awarding 
the community liabilities of $14,809.66 paid to the wife because this value was based on
appellee’s inventory which was not in evidence. Appellee testified this figure was for
consolidation of appellant and appellee’s credit card debt. Appellee, while referring to her
filed inventory and appraisement, stated the total debt was approximately $11,000 and that
she had been making monthly payments of $387 since the date of separation.


 She further
testified that she consolidated these loans because she was not expecting to get a divorce
from appellant. The trial court may have considered the longer repayment period and
additional interest on the consolidated loan when it valued the liabilities at $14,809.66. The
trial court acted within its discretion when it determined that a $14,809.66 award to
appellant was a just and right division. See Murff, 615 S.W.2d at 699. Appellant’s tenth
issue is overruled. 
          In his eleventh issue, appellant argues the trial court abused its discretion when it
determined part of the $30,000 received from the Castellow Estate during the marriage 
included an unknown portion of appellee’s separate property. Specifically, appellant
contends the trial court should not have considered this as a factor in dividing the
community property because appellee failed to present any evidence on how much of the
$30,000 was appellee’s separate property. 
          However, appellee testified without objection that a portion of the $30,000 was for
mileage appellee incurred while driving Castellow around for two years prior to her
marriage with appellant. She testified the Castellow Estate paid appellee $.31 a mile for
wear and tear. Further, in its findings of fact and conclusions of law, the trial court stated
“the $30,000 received from the Castellow Estate included an unknown amount for 2 years
of mileage due [appellee] prior to her marriage.” The record shows the trial court properly
considered appellee’s employment by Castellow prior to marriage in calculating a just and
right division of the community estate. See Murff, 615 S.W.2d at 699. Appellant’s eleventh
issue is overruled. 
          In appellant’s twelfth issue, he argues the trial court abused its discretion in
excluding the value of the 1989 Oldsmobile when it divided the community property
because the car was acquired during marriage and awarded to appellee in the final divorce
decree. Appellee testified that they sold the 1989 Oldsmobile to appellee’s daughter for
$1,000 before appellant and appellee separated. However, appellant testified that he was
not sure if the car was sold. In its findings of fact and conclusions of law, the trial court
stated “the value of the 1989 Oldsmobile awarded in the decree to [appellee] was not
considered in the division of the estate since the Court determined from the testimony that
said vehicle was no longer an asset of the estate.” The trial court may have believed
appellee’s testimony and properly excluded the value of the Oldsmobile from the
community estate. Appellant’s twelfth issue is overruled.  
B. Findings of Abuse
          In appellant’s final issue, he argues the evidence was factually insufficient to support
the trial court’s finding that appellant abused appellee. We review and weigh all evidence
before the trial court to determine if the evidence is factually sufficient. Robles v. Robles,
965 S.W.2d 605, 615 (Tex. App.–Houston [1st Dist.] 1998, pet. denied). We overrule the
trial court’s findings only if they are so against the great weight and preponderance of the
evidence as to be manifestly unjust. Id. Further, it is the trier-of-fact’s role to judge the
credibility of the witnesses and resolve conflicts in testimony. Corpus Christi Area
Teachers Credit Union v. Hernandez, 814 S.W.2d 195, 197 (Tex. App.–San Antonio 1991,
no writ). 
          At trial, appellant admitted that he drank excessively but denied ever abusing or
beating appellee. Appellee testified that appellant beat her up, threw her on the floor, and
threatened to kill her if she told anybody that appellant attacked her. Appellant’s counsel
also cross-examined appellee about several specific instances where police came to their
home. Those police reports stated that although no physical altercations occurred,
appellant and appellee were arguing because appellant came home late and had been
drinking. The trial court had sufficient evidence from which to determine that appellant
abused appellee. We overrule appellant’s final issue.
III. Conclusion
          Having overruled appellant’s issues, we affirm the trial court’s judgment. 
 
 
 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Opinion delivered and filed
this 4th day of December, 2003.