ZEPTNER V. ZEPTNER

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-116-CV

OWEN C. ZEPTNER APPELLANT

V.

FRANCES R. ZEPTNER APPELLEE

------------

FROM THE 322ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

This is the second appeal arising from the divorce of Appellant Owen C. Zeptner and Appellee Frances R. Zeptner.  In the first appeal (“Zeptner I”), we held that the trial court erred by awarding the community reimbursements for improvements to Owen’s separate property and remanded the case for a new division.  
Zeptner v. Zeptner
, 111 S.W.3d 727 (Tex. App.—Fort Worth 2003, no pet.) (op. on reh’g).  In this second appeal, Owen complains that the trial court abused its discretion on remand by (1) failing to redivide the community estate in a just and right manner, (2) refusing to consider Owen’s illness and healthcare expenses that arose between the date of trial and the date of divorce, and (3) failing to divide the community estate in the percentages stated in our opinion in Zeptner I.  We reverse and remand for redivision of the dwindling community estate.

Background

Owen and Frances were married on November 26, 1986.  Frances filed for divorce on October 30, 1998.  The case was tried to the bench on August 3 and 4, 2000.  At the conclusion of the trial, the trial court did not render the parties divorced, but took the case under advisement.  Approximately six weeks later, before the trial court had rendered the parties divorced or divided the parties’ property, Owen experienced an illness requiring hospitalization.  The trial court signed a Final Decree of Divorce on May 17, 2001.  On June 6, 2001, Owen filed a motion for new trial alleging changed circumstances as a result of his illness and hospitalization.  The trial court denied Owen’s motion for new trial.  Owen appealed, complaining about the trial court’s characterization of certain property and its division of the community estate.   This court affirmed the parties’ divorce but reversed and remanded the case for a new division of the community estate, sustaining Owen’s challenges to (1) a $25,000 reimbursement to the community estate for improvements to Owen’s separate property in Hamilton, Texas, and (2) an $80,000 reimbursement to the community for “enhancements” to Owen’s business, Accu-Tech, by mischaracterizing as Owen’s separate property equipment acquired during the marriage and used in the business.  We did not reach the issue of whether the trial court abused its discretion in denying Owen’s request for a new trial. 
 Id. 
at 741.
  
On remand, Owen filed a motion for judgment with the trial court, requesting the trial court to redivide the community estate and consider, among other things, Owen’s changed circumstances.  The trial court held a hearing on Owen’s motion for judgment on December 1, 2003.  At the conclusion of that hearing, the trial court set aside the award to Owen of the entire $80,000 reimbursement claim of the community estate and the award to Frances of $12,500 for half of the $25,000 reimbursement claim without disturbing the remainder of the court’s prior property division.  The trial court memorialized its ruling by written order on April 15, 2004.  It is from this order that Owen now appeals.

Standard of Review

A trial court is charged with dividing the community estate in a “just and right” manner, considering the rights of both parties.
  Tex. Fam. Code Ann. 
§ 7.001 (Vernon 1998).  The party complaining of the trial court’s division of property must demonstrate from evidence in the record that the division was so unjust that the trial court abused its discretion.  
Pletcher v. Goetz
, 9 S.W.3d 442, 446 (Tex. App.—Fort Worth 1999, pet. denied) (op. on reh’g).  If there is any reasonable basis for doing so, we must presume that the trial court exercised its discretion properly.  
Id
.  We will not disturb the trial court’s division unless the record demonstrates “that the division was clearly the result of an abuse of discretion.”
  Id.
  That is, we will not reverse the case unless the record clearly shows that the trial court was acting arbitrarily or unreasonably. 
 See Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

Discussion

A.

In his first issue, Owen contends that the trial court abused its discretion by failing to divide the community estate in a just and right manner.  We agree.

When we remanded this case to the trial court for a redivision of the community estate, the trial court held an evidentiary hearing.  Owen was the only witness.  His testimony focused on his illness between the August 2000 trial and the May 2001 divorce decree and its consequences: $31,774.14 in medical bills, his inability to work more than part-time, and the depletion of a community IRA account—valued at the time of trial at $11,239—to pay his living expenses.  Frances cross-examined Owen about the nature of his illness and the income from his business but did not testify and offered no evidence of her own.  At the conclusion of the hearing, the trial court announced on the record:

All right.  The property division previously announced by the Court is to be reformed pursuant to the decision of the Court of Appeals as follows:

The $80,000 that was awarded to [Mr.] Zeptner for enhanced value of the business is set aside.  The reimbursement granted her for the improvement to his home in Hamilton is set aside.  The balance of the division announced by this Court is to remain intact.

Ms. Zeptner is to pay the costs of the appeal pursuant to the order of the Court of Appeals in the amount of $2,885.88. 

The trial court signed an order reflecting his decision several months later.  Thus, all the trial court did on remand was to strike those parts of the prior division we identified as error in Zeptner I.

In Zeptner I, we compared the trial court’s original division of the community estate with a division reformed to delete the $80,000 “business enhancement” claim and the $12,500 reimbursement claim related to Owen’s house in Hamilton—in other words, the very division the trial court made on remand.  
Zeptner
, 111 S.W.3d at 741.  We concluded, based on the records before us in Zeptner I, that even if we reformed the division to delete the reimbursement claims, “the trial court did not divide the community estate in a just and right manner and that the division was so unjust that the trial court’s actions amounted to an abuse of discretion.”  
Id.
  Yet the trial court’s judgment on remand resulted in the very division we had already deemed unjust.

Nothing in the scant record developed on remand suggests that the division was any more just and right at the time of the hearing than it was at the time of our opinion in Zeptner I.  If anything, the record suggests the very opposite.  Owen’s illness, medical expenses, depleted IRA, and reduced income —all arising before the date of divorce—tend to make the division of the community estate even more disparate and, therefore, less just and right.

We hold that the trial court’s decision simply to strike those parts of the original division we declared erroneous in Zeptner I, without making a new division of the community estate as we instructed, amounted to an abuse of discretion.  We sustain Owen’s first issue.

B.

In his second issue, Owen complains that the trial court erred by refusing or failing to consider Appellant’s illness between the time of trial and the date of divorce and the medical expenses arising from the illness.
(footnote: 2)  Again, we agree.

Generally, a trial court should divide the community estate as it exists on the date of divorce.  
Handley v. Handley
, 122 S.W.3d 904, 907-08 (Tex. App.—Corpus Christi 2003, no pet.); 
Grossnickle v. Grossnickle
, 935 S.W.2d 830, 837 (Tex. App.—Texarkana 1996, writ denied).  This case was tried in August 2000, but the trial court did not render its decree of divorce until May 2001.  The focus of Owen’s complaint is what happened to the community estate in the intervening nine months.

On remand, Owen testified that he suffered a stroke in September 2000 and spent five days in the hospital.  He returned to the hospital twice in October, staying there two days both times.  Owen offered into evidence medical and billing records reflecting unpaid medical bills of about $31,000 related to his stroke and hospitalizations.  He testified that he was unable to operate Accu-Tech, the business of which he was the sole owner and employee, for about six months.  While he was unable to work, he paid his living expenses by liquidating an IRA valued at $11,239.  The trial court had awarded this IRA to Owen in the original property division and left that award untouched on remand.  Owen also testified that he took out a $5,500 loan to pay his basic living expenses while he was not working.  Frances cross-examined Owen about the nature of his illness but offered no evidence of her own.

Owen’s illness and medical bills reduced the net value of the community estate by approximately $42,000 between the time of trial and the date of divorce, a reduction of over ten percent.  This reduction in the net value of the community estate, all of which the trial court implicitly assigned to Owen on remand, made the trial court’s division even more lopsided than the division we declared unjust in Zeptner I.  We hold that the trial court abused its discretion by failing to take into account the diminution in the community estate, Owen’s medical bills, and his reduction in earning capacity between the time of trial and the time of divorce.  We sustain Owen’s second issue.

C.

In his third issue, Owen argues that the trial court erred by failing to award forty percent of the community estate to Owen and sixty percent to Frances in accordance with our opinion in Zeptner I.

In Zeptner I, we noted that the trial court’s property division, before adjustments for the errors we identified in Zeptner I, “awarded Owen roughly forty percent and Frances roughly sixty percent of [the] community estate.”  
Zeptner
, 111 S.W.3d at 741.  We then adjusted the awards to remove the errors, noted that adjustment resulted an award of twenty-five percent to Owen and seventy-five percent to Frances, and concluded that the 25/75 split was not just and right.  
Id.
  As Owen concedes in his brief, we did not direct the trial court to make a 40/60 division of the community estate or any other particular division; we simply remanded the case for a 
new
 division.  
Id.
  

Therefore, the trial court did not abuse its discretion by failing to award  at least forty percent of the community estate to Owen.  We overrule Owen’s third issue.

Conclusion

Having sustained Owen’s first and second issues and overruled his third, we remand this case to the trial court for a new division of the community estate in light of our opinions in Zeptner I and this appeal, with particular emphasis on the words “new division.”  We direct the trial court’s attention to our holding in Zeptner I that a 25/75 division of the community estate was not just and right, though that holding does not require a 40/60 division, and our holding in this appeal that the trial court abused its discretion by failing to account for Owen’s illness and medical expenses between the time of trial and the date of divorce.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DELIVERED:  October 27, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Owen raised, but we did not reach, a similar issue in Zeptner I.  
See
 
Zeptner
, 111 S.W.3d at 733, 741.