COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-116-CV

 

 

OWEN C. ZEPTNER                                                              APPELLANT

 

                                                   V.

 

FRANCES R. ZEPTNER                                                            APPELLEE

 

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.                   
Introduction








            This is the second appeal arising from the divorce of
Appellant Owen C. Zeptner and Appellee Frances R. Zeptner.  In the first appeal (AZeptner
I@), we held that the trial court erred
by awarding the community reimbursements for improvements to Owen=s separate property and remanded the
case for a new division.  Zeptner v.
Zeptner, 111 S.W.3d 727 (Tex. App.CFort
Worth 2003, no pet.) (op. on reh=g).  In this second appeal, Owen complains that
the trial court abused its discretion on remand by (1) failing to redivide the
community estate in a just and right manner, (2) refusing to consider Owen=s illness and healthcare expenses that
arose between the date of trial and the date of divorce, and (3) failing to
divide the community estate in the percentages stated in our opinion in Zeptner
I.  We reverse and remand for redivision
of the dwindling community estate.

II.                
Background








            Owen
and Frances were married on November 26, 1986. 
Frances filed for divorce on October 30, 1998.  The case was tried to the bench on August 3
and 4, 2000.  At the conclusion of the
trial, the trial court did not render the parties divorced, but took the case
under advisement.  Approximately six
weeks later, before the trial court had rendered the parties divorced or
divided the parties=
property, Owen experienced an illness requiring hospitalization.  The trial court signed a Final Decree of
Divorce on May 17, 2001.  On June 6,
2001, Owen filed a motion for new trial alleging changed circumstances as a
result of his illness and hospitalization. 
The trial court denied Owen=s
motion for new trial.  Owen appealed,
complaining about the trial court=s
characterization of certain property and its division of the community
estate.   This court affirmed the parties= divorce but reversed and remanded the
case for a new division of the community estate, sustaining Owen=s challenges to (1) a $25,000
reimbursement to the community estate for improvements to Owen=s separate property in Hamilton, Texas,
and (2) an $80,000 reimbursement to the community for Aenhancements@ to Owen=s
business, Accu-Tech, by mischaracterizing as Owen=s
separate property equipment acquired during the marriage and used in the
business.  We did not reach the issue of
whether the trial court abused its discretion in denying Owen=s request for a new trial.  Id. at 741.  On remand, Owen filed a motion for
judgment with the trial court, requesting the trial court to redivide the
community estate and consider, among other things, Owen=s
changed circumstances.  The trial court
held a hearing on Owen=s
motion for judgment on December 1, 2003. 
At the conclusion of that hearing, the trial court set aside the award
to Owen of the entire $80,000 reimbursement claim of the community estate and
the award to Frances of $12,500 for half of the $25,000 reimbursement claim
without disturbing the remainder of the court=s
prior property division.  The trial court
memorialized its ruling by written order on April 15, 2004.  It is from this order that Owen now appeals.

III.              
Standard of
Review








            A trial court is charged with
dividing the community estate in a Ajust and right@ manner,
considering the rights of both parties.  Tex. Fam. Code Ann. ' 7.001 (Vernon 1998).  The party
complaining of the trial court=s division of property must demonstrate from evidence in the record
that the division was so unjust that the trial court abused its
discretion.  Pletcher v. Goetz, 9
S.W.3d 442, 446 (Tex. App.CFort Worth 1999, pet. denied) (op. on reh=g).  If there is any reasonable
basis for doing so, we must presume that the trial court exercised its
discretion properly.  Id.  We will not disturb the trial court=s division unless the record demonstrates Athat the division was clearly the result of an abuse of discretion.@  Id.  That is, we will not reverse
the case unless the record clearly shows that the trial court was acting
arbitrarily or unreasonably.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex.
1985), cert. denied, 476 U.S. 1159 (1986).

IV.             
Discussion

                                                                            A.

In his first issue, Owen contends that the trial
court abused its discretion by failing to divide the community estate in a just
and right manner.  We agree.








When we remanded this case to the trial court for
a redivision of the community estate, the trial court held an evidentiary
hearing.  Owen was the only witness.  His testimony focused on his illness between
the August 2000 trial and the May 2001 divorce decree and its consequences:
$31,774.14 in medical bills, his inability to work more than part-time, and the
depletion of a community IRA accountCvalued
at the time of trial at $11,239Cto
pay his living expenses.  Frances
cross-examined Owen about the nature of his illness and the income from his
business but did not testify and offered no evidence of her own.  At the conclusion of the hearing, the trial
court announced on the record:

All right. 
The property division previously announced by the Court is to be
reformed pursuant to the decision of the Court of Appeals as follows:

 

The $80,000 that was awarded to [Mr.] Zeptner for
enhanced value of the business is set aside. 
The reimbursement granted her for the improvement to his home in
Hamilton is set aside.  The balance of
the division announced by this Court is to remain intact.

 

Ms. Zeptner is to pay the costs of the appeal
pursuant to the order of the Court of Appeals in the amount of $2,885.88. 

 

The trial court signed an order reflecting his decision several
months later.  Thus, all the trial court
did on remand was to strike those parts of the prior division we identified as
error in Zeptner I.








In Zeptner I, we compared the trial court=s original division of the community
estate with a division reformed to delete the $80,000 Abusiness
enhancement@ claim
and the $12,500 reimbursement claim related to Owen=s
house in HamiltonCin other
words, the very division the trial court made on remand.  Zeptner, 111 S.W.3d at 741.  We concluded, based on the records before us
in Zeptner I, that even if we reformed the division to delete the reimbursement
claims, Athe trial
court did not divide the community estate in a just and right manner and that
the division was so unjust that the trial court=s
actions amounted to an abuse of discretion.@  Id. 
Yet the trial court=s
judgment on remand resulted in the very division we had already deemed unjust.

Nothing in the scant record developed on remand
suggests that the division was any more just and right at the time of the
hearing than it was at the time of our opinion in Zeptner I.  If anything, the record suggests the very
opposite.  Owen=s
illness, medical expenses, depleted IRA, and reduced income Call arising before the date of divorceCtend to make the division of the
community estate even more disparate and, therefore, less just and right.

We hold that the trial court=s decision simply to strike those parts
of the original division we declared erroneous in Zeptner I, without making a
new division of the community estate as we instructed, amounted to an abuse of
discretion.  We sustain Owen=s first issue.

                                                                            B.

In his second issue, Owen complains that the trial
court erred by refusing or failing to consider Appellant=s
illness between the time of trial and the date of divorce and the medical
expenses arising from the illness.[2]  Again, we agree.








Generally, a trial court should divide the
community estate as it exists on the date of divorce.  Handley v. Handley, 122 S.W.3d 904,
907-08 (Tex. App.CCorpus
Christi 2003, no pet.); Grossnickle v. Grossnickle, 935 S.W.2d 830, 837
(Tex. App.CTexarkana
1996, writ denied).  This case was tried
in August 2000, but the trial court did not render its decree of divorce until
May 2001.  The focus of Owen=s complaint is what happened to the
community estate in the intervening nine months.

On remand, Owen testified that he suffered a
stroke in September 2000 and spent five days in the hospital.  He returned to the hospital twice in October,
staying there two days both times.  Owen
offered into evidence medical and billing records reflecting unpaid medical
bills of about $31,000 related to his stroke and hospitalizations.  He testified that he was unable to operate
Accu-Tech, the business of which he was the sole owner and employee, for about
six months.  While he was unable to work,
he paid his living expenses by liquidating an IRA valued at $11,239.  The trial court had awarded this IRA to Owen
in the original property division and left that award untouched on remand.  Owen also testified that he took out a $5,500
loan to pay his basic living expenses while he was not working.  Frances cross-examined Owen about the nature
of his illness but offered no evidence of her own.








Owen=s
illness and medical bills reduced the net value of the community estate by
approximately $42,000 between the time of trial and the date of divorce, a
reduction of over ten percent.  This reduction
in the net value of the community estate, all of which the trial court
implicitly assigned to Owen on remand, made the trial court=s division even more lopsided than the
division we declared unjust in Zeptner I. 
We hold that the trial court abused its discretion by failing to take
into account the diminution in the community estate, Owen=s medical bills, and his reduction in
earning capacity between the time of trial and the time of divorce.  We sustain Owen=s
second issue.

                                                                            C.

In his third issue, Owen argues that the trial
court erred by failing to award forty percent of the community estate to Owen
and sixty percent to Frances in accordance with our opinion in Zeptner I.

In Zeptner I, we noted that the trial court=s property division, before adjustments
for the errors we identified in Zeptner I, Aawarded
Owen roughly forty percent and Frances roughly sixty percent of [the] community
estate.@  Zeptner, 111 S.W.3d at 741.  We then adjusted the awards to remove the
errors, noted that adjustment resulted an award of twenty-five percent to Owen
and seventy-five percent to Frances, and concluded that the 25/75 split was not
just and right.  Id.  As Owen concedes in his brief, we did not
direct the trial court to make a 40/60 division of the community estate or any
other particular division; we simply remanded the case for a new
division.  Id.  

Therefore, the trial court did not abuse its
discretion by failing to award  at least
forty percent of the community estate to Owen. 
We overrule Owen=s
third issue.








V.                
Conclusion

            Having
sustained Owen=s first
and second issues and overruled his third, we remand this case to the trial
court for a new division of the community estate in light of our opinions in
Zeptner I and this appeal, with particular emphasis on the words Anew division.@  We direct the trial court=s attention to our holding in Zeptner I
that a 25/75 division of the community estate was not just and right, though
that holding does not require a 40/60 division, and our holding in this appeal
that the trial court abused its discretion by failing to account for Owen=s illness and medical expenses between
the time of trial and the date of divorce.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and MCCOY, JJ.

 

DELIVERED:  October 27, 2005











[1]See Tex. R. App. P. 47.4.





[2]Owen
raised, but we did not reach, a similar issue in Zeptner I.  See Zeptner, 111 S.W.3d at 733,
741.